**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

SALVADORE GARCIA,

                Petitioner,

v.

BRIAN WILLIAMS SR., *et al.*,

                Respondents.

Case No. 2:18-cv-01324-APG-VCF

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1), motion for appointment of counsel (ECF No. 2), and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The Court finds that petitioner cannot pay the filing fee and therefore will grant the application for leave to proceed *in forma pauperis.* Petitioner will not be required to pay the filing fee.

Following initial review, the Court finds that appointment of counsel is in the interests of justice given the potential complexities of petitioner's gateway claim of actual innocence.

IT IS THEREFORE ORDERED that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Petitioner is not required to pay the filing fee.

IT IS FURTHER ORDERED petitioner's motion for appointment of counsel (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall FILE the petition (ECF No. 1-1).

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the

Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. The counsel appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately ninety (90) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT IS FURTHER ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add state attorney general Adam P. Laxalt as counsel for respondents and shall make informal electronic service of the petition and this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

Dated: July 24, 2018.

_____

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2