# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SALVADORE GARCIA,

               Petitioner,

    v.

BRIAN E. WILLIAMS, SR., et al.,

               Respondents.

Case No. 2:18-cv-01324-APG-VCF

**ORDER**

(ECF No. 44)

The respondents have filed a motion for more definite statement. ECF No. 44. I grant the motion and order petitioner Salvadore Garcia to file a third amended petition in accordance with this order.

**Background**[1]

Garcia initiated this habeas action on July 16, 2018, by filing a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF Nos. 1-1, 5. Counsel was appointed and instructed to "file an amended petition and/or seek other appropriate relief." ECF No. 9 at 1. Counsel filed a supplement rather than an amended petition. ECF No. 11. The respondents moved to strike the supplement. ECF No. 14. I granted their request, noting that "I am not in the practice of allowing freestanding supplements, particularly where the matters addressed in the instant supplement are more appropriately raised in direct response to the Respondents' timeliness defense in an opposition to the motion to dismiss." ECF No. 36 at 1. I further acknowledged that Garcia's *pro se* claims were difficult to discern:

---

[1] The parties are familiar with the facts and procedural history of this case. As such, I will address only the background relevant to the current motion.

> The petition appears to raise several claims within each of its two grounds.  In addition, much of the Petitioner's argument is directed at his gateway claim of actual innocence, and it is unclear if any of the assertions is intended as a discrete claim.  This is a problem that can be remedied by counsel filing an amended petition that clearly identifies the discrete claims for relief asserted in this case.

(*Id.* at 1–2.)  I thus instructed Garcia's counsel to file an amended petition within 60 days and "clearly identify the claims Garcia asserts in this action." *Id.* at 2–3.  Counsel filed an Amended Petition (ECF No. 40) in December 2019.

The respondents now move for a more definite statement, arguing that the amended petition fails to comply with my order. ECF No. 36.  They contend that the amended petition appears to state three substantive grounds for relief but is muddled with arguments anticipating procedural defenses, which they may or may not assert.  Regarding Garcia's allegations of ineffective assistance of counsel (IAC), the respondents assert that the amended petition violates Rule 2 of the Rules Governing Section 2254 Cases[2] and fails to state a "discrete claim" with supporting facts but instead presents several rambling statements.  They further argue that Garcia never specifies what IAC claim he raised in state court and in what state court proceeding he raised the IAC claim (*i.e.*, a statement of exhaustion).  Additionally, they contend it is unclear whether Garcia is raising a substantive claim of judicial bias or simply arguing that judicial bias excuses the default of another claim.

Garcia responds that his amended petition is properly pled, including three grounds for relief (Ground 1 – IAC, Ground 2 – double jeopardy, and Ground 3 – judicial bias) as well as arguments concerning timeliness, relation back, exhaustion, and actual innocence.  With respect

---

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this order are to the Rules Governing Section 2254 Cases in the United States District Courts.

to his IAC claim, he contends the amended petition provides all the reasons he believes trial counsel was ineffective.  As to judicial bias, Garcia confirms he is raising a substantive ground for relief, rather than an argument opposing any procedural defense.

The respondents reply that, although the amended petition provides a variety of reasons why trial counsel was purportedly ineffective, there is no "catch all" or "general" IAC claim.  Garcia's IAC allegations, they argue, must be pled with particularity as discrete claims.  Based on Garcia's response, however, the respondents are satisfied that they can address the judicial bias claim in Ground 3.  The respondents ask that Garcia be ordered to set forth discrete IAC claims and provide a statement of exhaustion for such claims.

**Discussion**

A habeas petition under § 2254 must "specify all the grounds for relief available to the petitioner," and must "state the facts supporting each ground."  Habeas Rule 2(c) (1), (2). "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error'." *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes to Habeas Rule 4); *see also Mayle v. Felix*, 545 U.S. 644, 649 (2005) (noting that Habeas Rule 2(c) "requires a more detailed statement").  To aid petitioners in satisfying the pleading requirements, Habeas Rule 2(d) mandates that "a petition must substantially follow either the form appended to these rules or a form prescribed by local district-court rule."[3]

---

[3] *See also* LSR 3-1 ("A petition for writ of habeas corpus under 28 U.S.C. § 2254 must be on the form supplied by the court or must be legible and substantially follow either that form or the form appended to the [Habeas] Rules.").  The form § 2254 petition for the District of Nevada is available on the court's website at www.nvd.uscourts.gov/wp-content/uploads/2017/08/2254-Habeas-Petition-NOT-Sentenced-to-Death-Packet.pdf (last visited June 19, 2020).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is *so vague or ambiguous* that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) (emphasis added).  The motion must identify defects and specify the details desired. *Id.*  A habeas respondent may ask the court to order a petitioner "to make the petition more certain." Advisory Committee Notes to Habeas Rule 4.  Although there "is no rule regarding the precise manner in which claims must be organized" in a petition, if the organization of claims is "especially confusing, rendering unclear what claims the petitioner means to assert," the court may direct the petitioner to better organize his or her claims in an amended petition and "present 'separate constitutional grounds in separate grounds or subparts'." *Homick v. Baker*, 2012 WL 5304781, at *1 (D. Nev. Oct. 25, 2012) (citing *McCaskill v. Budge*, 2011 WL 5877546, at *4 (D. Nev. Nov. 22, 2011)).

Garcia's 37-page amended petition does not track—much less substantially follow—the form appended to the Habeas Rules or the form approved for use in this district.  Nor does the amended petition follow my express guidance that the matters addressed in his now-stricken supplement—*i.e.*, preemptive responses to procedural defenses—"are more appropriately raised in direct response to the Respondents' timeliness defense in an opposition to the motion to dismiss."[4] ECF No. 36 at 1.  Close adherence to the standard forms would likely have increased the clarity of the pleading, thus precluding the respondents' current motion and moving this case towards timely resolution.  Still, a more definite statement is unnecessary if the contours of Garcia's IAC claim are reasonably ascertainable and exhaustion is sufficiently pled.

---

[4] The instructions for completing the form appended to the Habeas Rules inform petitioners not to argue or cite case law, but the form provides space for petitioners to explain why any state remedies were not exhausted or why an untimely petition is not time-barred.

The Supreme Court established a two-prong test for IAC claims in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "any such deficiency was 'prejudicial to the defense'." *Garza v. Idaho*, --- U.S. ----, 139 S. Ct. 738, 743–44 (2019) (quoting *Strickland*, 466 U.S. at 687–88, 692). Given the many aspects of counsel's duties, habeas petitioners advance a wide variety of theories to support IAC claims.[5]

Garcia's IAC claim challenges seven aspects of trial counsel's performance: (a) failure to adequately investigate and prepare for trial, (b) failure to timely identify trial witnesses, (c) failure to challenge the lack of gunshot residue from the police investigation, (d) pursuit of an improbable defense theory, (e) failure to hire an expert in ballistic evidence, (f) failure to seek a jury instruction regarding a lack of evidence, and (g) failure to secure a Spanish interpreter to ensure Garcia was properly advised of his rights. ECF No. 40 at 25–27. His opposition reiterates these seven facets of his IAC claim. ECF No. 46 at 4–5. Because each presents a unique IAC theory, they must be set out as discrete claims or subclaims.

Additionally, the amended petition does not allege exhaustion with sufficient particularity. Rather than a statement of exhaustion, Garcia included 14 pages of facts and

---

[5] *E.g.*, *Lafler v. Cooper*, 566 U.S. 156 (2012) (failure to properly advise of advantageous plea offer); *Harrington v. Richter*, 562 U.S. 86 (2011) (failure to consult with blood evidence experts); *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (failure to file appeal); *Smith v. Robbins*, 528 U.S. 259 (2000) (failure to raise claim on appeal); *Martinez v. Ryan*, 926 F.3d 1215 (9th Cir. 2019) (failure to move for recusal based on judicial bias); *Doe v. Ayers*, 782 F.3d 425 (9th Cir. 2015) (failure to follow up on investigator's findings, review prison records, interview witnesses, retain expert for preparing or presenting mitigating case in penalty phase); *Cunningham v. Wong*, 704 F.3d 1143 (9th Cir. 2013) (failure to object to prosecutor's statement during closing argument); *Stankewitz v. Wong*, 698 F.3d 1163 (9th Cir. 2012) (failure to hire investigator or interview petitioner's teachers, foster parents, psychiatrists, psychologists); *Musladin v. Lamarque*, 555 F.3d 830 (9th Cir. 2009) (failure to request limiting instruction on damaging evidence); *Plumlee v. Masto*, 512 F.3d 1204 (9th Cir. 2008) (actual conflict with counsel).

procedural background similar to those typically included in a motion or appellate brief.  He alleges his state petition for post-conviction relief presented an IAC claim "not only due to deficient performance, but because due to a language barrier, Mr. Garcia could not communicate with his trial counsel." ECF No. 40 at 11–12.  He provides no other statement of exhaustion for the specific IAC subclaims identified above.  Because the amended petition fails to address exhaustion for each of Garcia's discrete IAC subclaims or identify whether each subclaim was raised though one complete round of state proceedings, including appeal, it is insufficiently pleaded.

Garcia's inclusion of arguments anticipating procedural defenses also obscures the nature of his claims, particularly because each ground for relief was not labeled and numbered as such. Although there is no rule expressly prohibiting Garcia from doing so, I expressly instructed him that such arguments were more appropriate for an opposition to a dismissal motion—if the respondents chose to raise such defenses—and this contributed to the overall ambiguity of Garcia's pleading.

The respondents cannot reasonably prepare a response to the amended petition.  I therefore instruct Garcia to amend the petition in accordance with this order and the Habeas Rules.

I THEREFORE ORDER:

1. The respondents' Motion for More Definite Statement **(ECF No. 44) is GRANTED**.

2. By **July 13, 2020**, petitioner Salvadore Garcia must file a second amended petition in accordance with this order and the Habeas Rules.

3. The respondents shall file a response to the second amended petition, including potentially by motion to dismiss, within 30 days of service.  Garcia may file a reply

thereto within 30 days of service of the answer.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed by Local Rule LR 7-2(b).

Counsel for both parties are advised that, due to the length of time this action has been pending, **extensions of time to file the second amended petition or a response thereto are not likely to be granted absent compelling circumstances and a strong showing of good cause why a deadline could not be met despite the exercise of due diligence**.

Dated:  June 22, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

7